# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
|     **555 Fourth Street, N.W.** : | |
|     **Washington, D.C.  20530** : | |
| : | |
|        **Plaintiff,** : | |
| : | |
|       **v.** : | **Civil Action No.:** |
| : | |
| **REAL PROPERTY IDENTIFIED AS** : | |
| **9216 CANTERBURY RIDING,** : | |
| **LAUREL, MARYLAND** : | |
| : | |
|       **Defendant.** : | |
| : | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through the United States Attorney for the

District of Columbia, respectfully states as follows:

_____1.  This is a civil forfeiture action, *in rem,* brought to enforce 18 U.S.C. § 981(a)(1)(C),

which authorizes the forfeiture of any property which constitutes, or is derived from, proceeds

traceable to violations of 18 U.S.C. § 1952 (Interstate Travel or Transportation in Aid of

Racketeering Enterprises).

_____2.  This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and

1355(a).

3.  Significant parts of the criminal activities giving rise to the forfeiture in this case

occurred in the District of Columbia and through interstate transportation between the District of

Columbia and Maryland.  Accordingly, jurisdiction and venue are proper in the United States

District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a).

_____4.  The defendant real property, with all appurtenances and improvements thereon, is

located at 9216 Canterbury Riding, Laurel, Maryland 20723, and more fully described as:

> Unit Numbered 71, of a plan of Condominium entitled
> "Canterbury Riding Condominium, Section Six", as per plats and
> plans thereof recorded in plats 3787 through 3796, both inclusive,
> among the Land Records of Howard County, Maryland and being
> part of the land and premises made subject to a Condominium
> Regime by Declaration dated August 16, 1975 and recorded in
> Liber 738 at folio 380 *ET SEQ.* among the aforesaid Land Records
> and the Amendment thereto recorded in Liber 842 at folio 198 *ET
> SEQ.*

5.    The titled owner of the defendant real property located at 9216 Canterbury Riding,

Laurel, Maryland 20723, is Camille Shantell Young ("CAMILLE YOUNG").

6.    In accordance with 18 U.S.C. § 985(b)(1)(A), the defendant real property will not be

seized until the entry of an order of forfeiture.

**CAMILLE YOUNG, DOING BUSINESS AS, VANESSA DASH ENTERPRISES**

7.    CAMILLE YOUNG, doing business as Vanessa Dash Enterprises, is the operator and

registered owner of the website www.DCHOTGIRLS.com ("DCHOTGIRLS").  DCHOTGIRLS

is advertised as a non-sexual escort service.  However, this escort service business is a guise for

providing prostitution services in the District of Columbia, Maryland, Virginia, and elsewhere,

which prostitution services were performed in violation of the laws of the State (or District of

Columbia) in which they were performed.  DCHOTGIRLS has used females, including minors,

as prostitutes.  Sources and witnesses have confirmed that CAMILLE YOUNG knows that her

"escorts" are engaging in prostitution.

8.    Customers obtain the services of the prostitutes from DCHOTGIRLS by calling

CAMILLE YOUNG at the telephone number (202) 497-2018, which is listed on the

DCHOTGIRLS website.  Customers can also obtain the services of prostitutes by sending an e-

mail to the e-mail addresses VanessaDash@aol.com and DCHOTGIRLS@aol.com which are listed on the DCHOTGIRLS website. CAMILLE YOUNG uses these e-mail accounts to communicate with prospective clients and employees, as well as, photographers, web masters, and agencies that advertise DCHOTGIRLS. CAMILLE YOUNG employed J. Consulting, a webmaster, to modify her DCHOTGIRLS web page and the individual web pages of the "escorts." This included adding and deleting photographs of the "escorts."

9. Records show that CAMILLE YOUNG is the subscriber for the telephone number of (202) 497-2108 and cellular number (202) 497-2108, and her address is 9216 Canterbury Riding, Laurel, Maryland.

10. Records show that accounts for VanessaDash@aol.com and DCHOTGIRLS@aol.com are registered to, and the monthly service fees are being paid by, CAMILLE YOUNG, formerly of 13817 Castle Boulevard, #34, Silver Spring, Maryland. On September 10, 2004, CAMILLE YOUNG changed her address from 13817 Castle Boulevard, #34, Silver Spring, Maryland to 9216 Canterbury Riding, Laurel, Maryland 20723.

11. Since at least in or about August 2004 and continuing to the present, the website DCHOTGIRLS, which CAMILLE YOUNG controls, has contained photographs of 15-23 females, in separate web pages, wearing sexually suggestive clothing, or no clothing at all. In some instances, these females were in sexually-explicit poses. The website described the females and advertised the services that they could provide to customers. The narratives contained on the website focused on the types of services that could be provided to customers. In many of the narratives, there were representations that the women spoke different languages such as Russian, Greek, French and/or untranslated French. In the prostitution trade, these "languages" refer to

specific sexual acts.  The DCHOTGIRLS website advertised that "some languages" were provided for an additional fee.  At the bottom of each web page are the words "EMAIL ME."  In addition, on most pages, the e-mail address that the customer is instructed to use to contact the advertised female is DCHOTGIRLS@aol.com.

12.  The DCHOTGIRLS website also contained additional pictures in a separate area of the website under a directory labeled "content."  This directory contained photographs of past and present females, including several minors, that were available through DCHOTGIRLS.  These photographs were taken by CAMILLE YOUNG or a professional photographer that worked with CAMILLE YOUNG.  The photographs were then placed on the website in the "content" section and/or the directory of the website.

13.  DCHOTGIRLS advertised several "in-call" locations in the Washington, D.C. metropolitan area.  The website also indicated "in-call" locations in Virginia and Maryland.  "In-call" means that the prospective prostitution client, often referred to as a "John," will be directed to a designated location determined and controlled by the prostitute or by CAMILLE YOUNG, and will, thereafter, meet for a sexual encounter.  In contrast, "out-call" means that the prostitute will meet the "John" at a location designated by the "John," usually a hotel or private residence.

14.  CAMILLE YOUNG made regular monthly payments for apartments used to provide prostitution services that were located in Virginia, Maryland, and Washington, D.C., from her Bank of America account xxxxxxxx7967, in the name of Vanessa Dash Enterprises, LLC.  The payments made in Washington, D.C., were for #710, Marina View Towers, Washington, D.C. Payments made by CAMILLE YOUNG for the Marina View Towers apartment, include the following:

4

| Date | Amount |
|------|--------|
| 07/14/2003 | $ 900.00 |
| 08/13/2003 | $ 900.00 |
| 10/9/2003 | $1,000.00 |
| 05/7/2004 | $1,000.00 |
| 06/1/2004 | $ 750.00 |
| 07/12/2004 | $1,000.00 |
| 08/6/2004 | $ 900.00 |
| 09/7/2004 | $1,000.00 |
| TOTAL | $ 7,450.00 |

15.  In-call locations were listed in the memo section of checks issued by CAMILLE YOUNG.

16.  CAMILLE YOUNG handled aspects of her business, which included hiring females, including at least three minors, taking customers' telephone calls, and dispatching females to certain locations to provide prostitution services.  CAMILLE YOUNG accepted cash and credit cards and created receipts for credit card transactions.  CAMILLE YOUNG received a percentage, usually 40%, of the fees from the prostitution services provided to customers, and the prostitutes kept the remaining percentage, usually 60%.  CAMILLE  YOUNG hired female prostitutes from an area known as "the track," an area surrounding 14th & K Street, N.W., Washington, D.C.  On occasion, CAMILLE YOUNG transported the prostitutes to various locations and States, such as from Maryland to Virginia, and from Maryland to the District of Columbia, to respond to her customers' requests for prostitution services.

17.  CAMILLE YOUNG maintains the following Bank of America accounts:

| Account Type | Account Number | Name on Account | Signature Authority |
|--------------|----------------|-----------------|---------------------|
| Business Economy Checking | xxxxxxxx7967 | Vanessa Dash Enterprises LLC | Camille S. Young |
| Express Account | xxxxxxxx9338 | Camille S. Young | Camille S. Young |

18. Bank of America account xxxxxxxx7967, for the period from January 2003 through December 2005, shows deposits totaling approximately $634,000.00.

19. Bank of America account xxxxxxxx7967, for the period from January 2003 through December 2005, showed at least $26,000.00 in cash deposits.

20. Bank of America account xxxxxxxx7967 for the period from January 2003 through December 2005 showed consistent deposits from Bank Card Services and American Express. These companies processed the credit card payments for services provided by DCHOTGIRLS.com. Deposits from Bank Card Services and American Express accounted for the majority of all deposits in account xxxxxxxx7967.

21. Bank of America account xxxxxxxx7967, for the period from January 2003 through December 2005 showed limited other sources of deposits. These other sources of deposits included, but were not limited, to money orders and personal checks.

22. Bank of America account xxxxxxxx9338 for the period from January 2003 through December 2005 showed in excess of $21,000.00 in cash deposits.

23. A 2002 Form 1099-MISC (Miscellaneous Income), for CAMILLE S. YOUNG, shows that CAMILLE YOUNG reported 2002 Gross Merchant Sales from Vanessa Dash Enterprises of $157,369.40.

24. A Uniform Residential Loan Application submitted by CAMILLE YOUNG in May 2004, shows that CAMILLE YOUNG indicated on the application that she was the sole owner of Vanessa Dash Enterprises and had been the owner for five years. On the application, CAMILLE YOUNG reported that her income from Vanessa Dash Enterprises was $9,500.00 per month.

6

**Defendant Real Property**

25.  On September 7, 2004, a Deed was recorded in Howard County, Maryland, reflecting the purchase of 9216 Canterbury Riding, Laurel, Maryland for $191,500.00 by CAMILLE S. YOUNG on May 25, 2004.  On the same day, a Deed of Trust was filed showing a $152,000.00 mortgage on the property with Fremont Investment and Loan.  A second Deed of Trust was also filed on September 7, 2004, showing a second mortgage on the property in the amount of $38,000.00 with Fremont Investment and Loan resulting in a total loan balance of $190,000.00.

26.  A HUD-1 Settlement Statement shows that a $1,000.00 deposit had been made and that $11,346.81 was due from YOUNG, the borrower, at closing.

27.  Fremont Investment and Loan records show that the deposit in the amount of $1,000.00 had come from Bank of America account xxxxxxxx7967, Check #8103.  CAMILLE YOUNG  also remitted two Bank of America Cashier's Checks in the amount of $6,000.00 each.

28.  Bank of America account xxxxxxxx7967 shows the following payments to Fremont Investment and Loan for the property located at 9216 Canterbury Riding, Laurel, Maryland:

| Date | Check | Amount | For |
|------|-------|--------|-----|
| 07/10/2004 | 8127 | $  411.81 | Loan #7000104044 |
| 07/10/2004 | 8129 | $1,042.07 | Loan #7000104017 |
| 08/17/2004 | 8055 | $1,541.11 | Loan #7000104017 and 7000104044; late fees |
| 09/28/2004 | 8134 | $1,541.11 | Loan #7000104017 and 7000104044; late fees |
| 10/19/2004 | 8173 | $1,541.11 | Loan #7000104017 and 7000104044; late fees |
| 11/30/2004 | 805 | $  436.52 | Loan #7000104044 |

The total amount paid for the property located at 9216 Canterbury Riding, Laurel, Maryland, for the period from July 2004 through November 2004 amounted to $6,513.73.

29.  Subsequently, Fremont Investment and Loan transferred the servicing of the first mortgage to Chase Home Finance and servicing of the second mortgage to Ocwen Federal Bank.

30.  Bank of America account xxxxxxxx7967 and Bank of America account xxxxxxxx9338 show the following payments for the defendant real property:

| Date | Check | Amount | For |
|------|-------|--------|-----|
| 12/07/2004 | 1153 | $2,084.00 | Chase Home Finance LLC Loan #0018799213 |
| 01/19/2005 | 8207 | $1,114.17 | Chase Home Finance LLC Loan #0018799213 |
| 02/14/2005 | 8212 | $1,062.07 | Chase Home Finance LLC Loan #0018799213 |
| 03/02/2005 | 8219 | $1,235.43 | Ocwen Federal Bank Loan #0033887357 |
| 03/02/2005 | 8220 | $1,042.07 | Chase Home Finance LLC Loan #0018799213 |
| 04/29/2005 | 1159 | $1,114.17 | Chase Home Finance LLC Loan #0018799213 |
| 06/28/2005 | EFT | $1,408.54 | Ocwen Federal Bank Loan #033887357 |
| 7/10/2005 | 8280 | $2,156.24 | Chase Home Finance LLC #0018799213 |
| 08/31/2005 | 0950 | $2,156.24 | Chase Home Finance LLC #0018799213 |
| 12/12/2005 | 8282 | $1,114.17 | Chase Home Finance LLC #0018799213 |

The payments made from these accounts for the defendant property located at 9216 Canterbury Riding, Laurel, Maryland, for the period from December 2004 through December 2005, totaled $15,601.27.

31.  Bank of America Business account xxxxxxxx7967 further shows payments from that account in excess of $10,000.00 for improvements to the subject property.

### COUNT I

32.  The allegations contained in paragraphs 1 through 31 are realleged and incorporated by reference.

33.  Cash and other monies obtained through the operation of the prostitution business was deposited into Bank of America account xxxxxxxx7967 in the name of Vanessa Dash Enterprises LLC and Bank of America account xxxxxxxx9338 in the name of CAMILLE S. YOUNG.  Thereafter, CAMILLE YOUNG used to pay for the defendant real property, for its mortgages, and for improvements thereto.

34.  The defendant real property is subject to forfeiture because it constitutes, or is

8

derived from, proceeds, which were deposited into the above-referenced bank accounts, and

which are traceable to violations of Interstate Travel or Transportation in Aid of Racketeering

Enterprises, in violation of 18 U.S.C. § 1952.

## <u>CONCLUSION</u>

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant and that due notice be given to all interested parties to appear and show cause why said forfeiture of the defendant should not be adjudged.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN
United States Attorney
DC Bar # 451058


\_\_\_\_\_/s/ _____
WILLIAM COWDEN
Assistant United States Attorney
DC Bar # 426301


\_\_\_\_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4818
Washington, D.C. 20530
(202) 514-7250

## VERIFICATION

I, Kristen K. Ashby, Special Agent of the FBI, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon personal knowledge and investigation reports as well as information furnished to me by Special Agents of the FBI and IRS and that everything contained herein is true and correct to the best of my knowledge and belief.

Executed on this _____3_____ day of March, 2006.


_____/s/_____
KRISTEN K. ASHBY
Special Agent
_____Federal Bureau of Investigation

11