UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-376 (RBW) |
| ) | |
| REAL PROPERTY IDENTIFIED AS ) | |
| 9216 CANTERBURY RIDING, ) | |
| LAUREL, MARYLAND, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND MOTION FOR EXTENSION OF TIME TO FILE ADDITIONAL PLEADINGS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to the Court's August 29, 2007 Order to Show Cause and moves the Court for an extension of time until October 12, 2007 to file additional pleadings in the instant matter. The United States has been working with the owner of the defendant property to settle the instant matter and believes that by October 12, 2007, it will be able to file settlement papers or motion for default judgement with the Court. In support of said response, the United States asserts as follows:

1. The Court's order to show cause appears grounded in a concern that this case should be dismissed because the government has failed to pursue its claim. Actually, the government has pursued its claim almost to resolution, but has done so in a parallel criminal case, which, for a period of time, has been under seal and heard before a different judge of this Court. As more fully set forth below, the forfeiture in this case should be wound up in the next forty-five days. Therefore, the government respectfully submits that this Court should discharge its show cause

order and extend the time until October 12, 2007 for the government to file additional pleadings in this matter.

2. On March 3, 2006, a Verified Complaint for Forfeiture *In Rem* against the defendant real property identified as 9216 Canterbury Riding, Laurel, Maryland was filed by the plaintiff, United States of America.  The Complaint alleged that the defendant property constituted or was derived from proceeds traceable to violations of 18 U.S.C. § 1952 (Interstate Travel or Transportation in Aid of Racketeering) and is, therefore, subject to forfeiture pursuant to 18 U.S.C.§§ 981(a)(1)(C).[1]

3. On April 20, 2006, the government initiated a companion criminal case under seal by the filing of an Information, charging Camille Young with conspiracy to transport women to engage in prostitution, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1956.  See Criminal No. 06-0097, Document No. 2.  Ms. Young owns the defendant property in this case.  The criminal case was assigned to the Honorable Rosemary M. Collyer, rather than the Honorable Reggie B. Walton, to whom the instant matter had been assigned.

4. On May 19, 2006, Camille Young plead guilty before Judge Collyer.  See attached Exhibit 1, Criminal Case No. 06-97, Docket History.  As part of her plea agreement, Ms. Young specifically agreed not to contest the civil forfeiture of her residence at 9216 Canterbury Riding, Laurel, Maryland filed in this case, Civil Action No. 06-0376.  See Document No. 7 at p. 3.  As a

---

[1] On March 6, 2006, copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant property.  See Document Nos. 1 and 2. Further, copies of the Complaint and Warrant of Arrest *In Rem* were sent to all known interested persons, via the United States Postal Service, certified mail, specifically to: Camille Young on March 10, 2006 (returned "unclaimed").  Additionally, a notice of the forfeiture action was published on March 17, 2006, in THE WASHINGTON TIMES and on March 10, 2006 in THE DAILY WASHINGTON LAW REPORTER.

result of that plea agreement, although Ms. Young is the owner of the defendant property, she did not file a claim or answer in the instant matter.  See attached Exhibit 2, Civil Action No. 06-0376, Docket History.

    5.  In May 2006, while the criminal case was under seal, at Ms. Young's request, the United States agreed to attempt to resolve the forfeiture proceedings through a monetary settlement rather than through forfeiture of real property.  See attached Exhibit 3, Letter dated May 30, 2006.

    6.  In August 2006, Ms. Young said she would pay the settlement through a loan from another individual.  See attached Exhibit 4, Letter dated August 14, 2006.  That payment, however, did not take place.

    7.  On November 20, 2006, the criminal case was unsealed.  See attached Exhibit 1.

    8.  Sentencing in Ms. Young's criminal matter was scheduled for May 4, 2007.  See attached Exhibit 1.  Before Ms. Young's sentencing, Ms. Young said she would pay the settlement by the sentencing date.

    9.  At sentencing, as a condition of probation, Judge Collyer ordered Ms. Young, within two weeks, to give the United States a check in the amount of $20,000 in lieu of forfeiture of the real property.[2]  See Document No. 15 at p. 3.

    10.  On May 22, 2007, Ms. Young's counsel filed a Motion for Extension of Time to Pay Forfeiture Settlement in the criminal matter because "Ms. Young was informed that she would no longer be loaned the money."  See Criminal No. 06-0097, Document 13 at ¶ 4.  The United

---

[2]  On the day of Ms. Young's sentencing, government counsel agreed to allow Ms. Young until May 18, 2007 to provide the settlement payment because she did not bring the settlement money with her to Court.

States did not oppose the extension of time and the Court granted that motion.  <u>See</u> Criminal No. 06-00967, Document 16.

11.  On July 18, 2007, Judge Collyer held a status conference on Ms. Young's failure to pay the agreed upon settlement.  The Court granted Ms. Young until September 30, 2007 to obtain the funds.  A status conference is currently scheduled for September 28, 2007 at 10:00 in the criminal matter.  <u>See</u> Criminal Action No. 06-0097, Document 17.

12.  Delay in proceeding forward with the civil forfeiture of the defendant property is due to the United States' accommodation of Ms. Young's attempt to settle the instant matter.  But, in the event that Ms. Young is unable to satisfy the monetary settlement on September 30, 2007, the United States intends to move for default judgment and a final order of forfeiture.  The United States anticipates that such a motion can be filed, if necessary, by October 12, 2007.

WHEREFORE, for the forgoing reasons, the United States respectfully moves the Court to discharge the show cause order and extend the time until October 12, 2007 for the government to file additional pleadings in the instant matter.

Respectfully submitted,

_/s/_____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney


_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Response to Order to Show Cause and Motion For Extension of Time To File Additional Pleadings was sent by U.S. Postal Service, certified mail, to counsel for Camille Young, T. Scott Brisendine, Esquire, 10509 Judicial Drive, Suite 102, Fairfax, VA 22030 on this <u>6th</u> day of September, 2007.


/s/_____
DIANE G. LUCAS
Assistant United States Attorney